UNITED STATES of America, Plaintiff,

v.

VARIOUS ARTICLES OF OBSCENE MERCHANDISE, SCHEDULE NO. 2102, Defendant.

No. 81 Civ. 5295 (RWS).

United States District Court, S.D. New York.

Sept. 29, 1982.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for U.S.; Jonathan A. Lindsey, Asst. U.S. Atty., New York City, of counsel.

## OPINION

SWEET, District Judge.

In an opinion dated November 3, 1981, I dismissed the Government's complaint which sought the forfeiture and condemnation of various articles of allegedly obscene merchandise pursuant to 19 U.S.C. § 1305(a) and held that the materials are not patently offensive to the average person in this community. One factor in this determination of contemporary community standards was my conclusion that an element of the standard included a community belief that the right to "free expression ought not to be compromised by government restrictions." *United States v. Various Articles of Obscene Merchandise,* 81 Civ. 5295, slip op. at 16 (S.D.N.Y.) (November 3, 1981), *reversed and remanded,* 678 F.2d 433 (2d Cir.1982). Upon appeal the Court of Appeals reversed on the ground that "community tolerance of section 1305 is irrelevant to the determination of obscenity," at 434, and remanded the case for this court "to determine whether each of the articles listed in Schedule 2102 is in fact 'patently offensive' under contemporary community standards." At 435.

Delineating the contemporary community standards is a hazardous undertaking in the absence of any evidence and when the normal adversarial process is lacking. In the majority of the forfeiture proceedings of this nature, the Government is unopposed, but determination by default has been held to be inappropriate. *United States v. Various Articles of Obscene Merchandise,* 600 F.2d 394 (2d Cir.1979). However, the Government is not required to and did not offer any evidence of the community standard. *Id.* at 398–400. The District Judge is therefore unaided in discerning the shifts in the community standard. Although the Court could subpoena an expert witness, there is no authority to fund such testimony or to conduct the sort of opinion study that might provide some objective evidence of community standards as well as a statistical analysis to assist in reconciling the obvious diversity extant in this District.

The survey of reports on pornography described in this court's prior opinion, slip op. at 5–8, indicates widespread community acceptance. In addition to the articles in the Congressional Quarterly, The New York Times, Newsweek, Fortune and other journals, the findings of the Report of the National Commission on Obscenity and Pornography (September 1970), support the conclusion that under contemporary community standards the movie "Deep Throat" and the remaining video cassettes and magazines in Schedule 2102, each of which is comparable to "Deep Throat" are not patently offensive under contemporary community standards.

Moreover, at an Address to the American Psychological Association on August 23, 1982, the behavioral psychologist, B.F. Skinner, cited the theologian Paul Tillick and his defense of "pornography on the ground that it extended sexuality into old age." Meyer, *B.F. Skinner on Behaving His Age,* The Washington Post, Aug. 24, 1982, at Bl.

Much of what we call aging, he said, is not an inexorable biological process, but a change in the physical and social environ-

ment. As vision, hearing and taste fade, and erogenous tissues grow less sensitive, the elderly become bored, discouraged and depressed. They no longer receive powerful reinforcement from the environment, and fewer things seem worth doing. But that can be changed, he said. Foods can be highly flavored, pornography can be used to extend sexuality into old age, those who can't read can listen to book recordings.

N.Y. Times, Aug. 24, 1982, § C, at 2. The remarks of Skinner and Tillich suggest the beneficial utility of pornography and to that extent serve to modify this court's prior conclusion that these materials lack serious literary, artistic, political and scientific value. Slip op. at 3.

Although I continue to believe that the implications of the First Amendment are relevant for the reasons stated in my previous opinion, I recognize that I must disregard those considerations in determining contemporary community standards. Upon my review of the materials in Schedule 2102 and the considerations set forth in my earlier opinion and as modified by this memorandum, First Amendment principles aside, I conclude that each of the articles is not patently offensive under contemporary community standards. Therefore judgment will be entered dismissing the complaint.

IT IS SO ORDERED.